ROBERT CUTTS *versus* NATHANIEL HAYNES *& al.*

In an action of assumpsit against A. and B., as partners, the evidence having shown the promise to have been by A. alone, the plaintiff may, under the R. S., c. 115, § 11, amend his writ by discontinuing as to B., on paying him his costs, and have his judgment against A. alone.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding.

ASSUMPSIT on account annexed, and for money had and received.

The evidence being out, the case by consent of parties was taken from the jury and agreed to be submitted to the Law Court, to enter such judgment and for such sum, if for plaintiff, as they shall deem to be agreeable to law, having authority to draw such conclusions as a jury would be authorized to draw.

*Everett*, for plaintiff.

*A. Sanborn*, for defendant.

The testimony shows the verbal promise of but one of the defendants to pay these plaintiffs their demand against Cowan & Knowles, and they must therefore be nonsuit. See Chitty's Pleadings.

GOODENOW, J. — We have not been furnished with a copy of the report in this case, but understand from the arguments that the facts are the same as those reported in the preceding case of *Maxwell* v. *Haynes & al.*, with the exception that, in this case, the testimony was that Haynes *alone* had bought out the "fixings" of Cowan & Knowles, and had agreed with them to pay the plaintiff's bill, and that he *alone* told Cutts that he would pay the bill. If such are the facts, the plaintiff may have leave to amend by striking out the name of Rice, the other defendant, upon paying him his costs up to this time; and have judgment against Haynes alone for the amount of his bill and interest from the time it was demanded and for his costs. R. S., c. 115, § 11.

TENNEY, C. J., and HATHAWAY, APPLETON and MAY, J. J., concurred.